**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA  DIVISION**

OTERIOUS DAVIS,                     :
                                     :
             Plaintiff,          :
                                       :
        VS.                   :        Civil Action File No.
                                     :        7 : 09-CV-89 (HL)
NURSE GRIFFIN,             :
                                     :
             Defendant      :

---

**<u>RECOMMENDATION</u>**

Presently pending in this *pro se* prisoner action filed under 42 U.S.C. § 1983 action is defendant's motion for summary judgment ( Doc. 12).  Plaintiff requested and was granted additional time to respond to the motion for summary judgment (see Doc. 19); however, that additional time period has expired, and plaintiff has failed to file any response to the motion for summary judgment.

In his unverified complaint, plaintiff states that he was an inmate of the Colquitt County Prison on June 19, 2009, when he injured his finger.  Plaintiff sought treatment from defendant, a registered nurse who provides medical services to inmates of the prison.   Plaintiff states that defendant incorrectly diagnosed his injury, telling him that he jammed his finger when in reality it was broken or dislocated.  Plaintiff states he told defendant his finger was broken, and that he needed an x-ray.  Plaintiff states he did not receive an x-ray until several days later, and that he received no pain medication for his injury.  Plaintiff did finally receive an x-ray on June 26, which did show that his finger was broken.  Plaintiff's finger was later set, and he received pain

medication. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Defendant moves for summary judgment on the merits of the case and based upon plaintiff's failure to exhaust administrative remedies. In light of the finding herein that plaintiff has failed to exhaust administrative remedies, the undersigned will not address the other arguments made by defendant in her motion.[1]

A complaint is subject to dismissal under Fed.R.Civ.P. 12(b) if an inmate has failed to exhaust his administrative remedies, see *Bryant v. Rich*, 530 F.3d 1368, 1374-76 (11th Cir. 2008).

The PLRA requires inmates to exhaust their administrative remedies prior to filing a lawsuit. Pursuant to Congress' constitutional authority, the PLRA mandates that:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States, 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 914, 166 L.Ed.2d 798 (2007). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Because proper exhaustion is required under the PLRA, unexhausted claims cannot be brought in federal court. *Id*. at 84-85, 126 S. Ct. at 2382-83.

In *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the

---

[1]In the event the district judge to whom this case is assigned declines to accept this recommendation, the undersigned will then address the other arguments on their merits.

lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. *Id*. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, then the complaint must be dismissed. *Id.* However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. *Id.* Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues … ." *Id.* "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See *Bryant*, 530 F.3d at 1376-77.

According to the affidavits and other documents attached to defendant's motion for summary judgment, the Prison maintains a grievance procedure. That procedure permitted inmates of the Prison to file informal grievances and formal grievances about any aspect of the Prison. (Doc. 16 Stancil Aff., ¶¶ 6-7.) If an inmate was not satisfied with the responses he received to his informal and formal grievances, he had an opportunity to appeal to the Department of Corrections. (Doc. 16 Stancil Aff., ¶ 13.) Pursuant to the Prison grievance procedure, on June 30, 2009, plaintiff filed an Informal Grievance Form in regard to the medical treatment he received from Griffin. (Doc. 16 Stancil Aff., ¶ 17; Exh. C.) Thereafter, plaintiff met with James L. Stancil, who was the chief counselor at the Prison. (Doc. 16 Stancil Aff., ¶¶ 3; 20.) Plaintiff and Stancil discussed plaintiff's grievance, but no resolution was reached during that meeting. (Doc. 16 Stancil Aff., ¶ 20.)

Plaintiff signed his complaint on July 6, 2009, and plaintiff's complaint was filed on July 10, 2009. Several days later, on July 14, 2009, pursuant to the grievance procedure in place at the

Prison, plaintiff filed a formal grievance in regard to the medical treatment he received from Griffin. (Doc. 16 Stancil Aff., ¶ 21; Exh. E.) On July 24, 2009, Stancil completed a "Counselor's Report Form" in connection with plaintiff's formal grievance. (Doc. 16 Stancil Aff., ¶ 24; Exh. F.) In that report, Stancil noted the complaints raised in plaintiff's formal grievance and noted that plaintiff was seen by Griffin and other medical providers several times to correct any injury that plaintiff sustained. (Doc. 16 Stancil Aff., ¶ 24; Exh. F.) On that same day, Stancil dismissed plaintiff's formal grievance and it does not appear that plaintiff has appealed that dismissal to the Department of Corrections. (Doc. 16 Stancil Aff., ¶ 25-26.)

In his unverified complaint, plaintiff states that he presented his allegations as a grievance, and complained daily to staff at the Prison. However, he has not offered any specifics to counter the evidence presented by defendant that plaintiff did not exhaust prior to filing suit. Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir.2000) ( *per curiam*); *see also Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir.1999).

The undersigned finds that plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Therefore, it is the RECOMMENDATION of the undersigned that defendant's motion be **GRANTED**, but only to the extent that plaintiff's complaint be dismissed.[2] Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the

---

[2]Defendant's motion is docketed as one for summary judgment; however, in the body of the motion, defendant states that she requests summary judgment or in the alternative, the dismissal of the plaintiff's complaint for his failure to exhaust administrative remedies.

Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 12th day of July, 2010.

S//Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd